UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAUNTELLE ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE NO. |
| STELLAR RECOVERY, INC. | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Shauntelle Robinson ("Plaintiff") by and through her attorneys, RC Law Group, PLLC, as and for her Complaint against Defendant Stellar Recovery, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

1

## PARTIES

2.   Plaintiff is a resident of the State of Georgia, County of Cherokee, residing at 153 Overlook Circle, Canton, GA 30115.

3.   Defendant is a debt collector with an address at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216.

4.   Stellar Recovery, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around January 25, 2016, Defendant sent the Plaintiff a collection letter for $329.62, current creditor Comcast.

11. The last paragraph of the collection letter contained the following language:

> "If you choose to pay this amount due by credit/debit card or by check over the telephone, you may be a charged a convenience and processing fee.  If you choose to pay the amount due by credit/debit card or by check over the telephone, you may be a charged a $9.50 convenience fee."

12. Plaintiff did not agree to such collection costs and the $9.50 and other potential collection fees far exceed any reasonable costs of collection for this account.

13. The addition of these collection fees by Defendant, which were not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

14. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

16. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1).

17. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shauntelle Robinson demands judgment from the Defendant Stellar Recovery, Inc. as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b)  For statutory damages provided and pursuant to <u>15 U.S.C. § 1692k(2)(A)</u>;

c)  For attorney fees and costs provided and pursuant to <u>15 U.S.C. § 1692k(a)(3)</u>;

d)  A declaration that the Defendant's practices violated the FDCPA; and

e)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: December 29, 2016

/s/ Jonathan Mason
*Attorney for Plaintiff*
Jonathan B. Mason, Esq.
Georgia Bar No. 475659
Mason Law Group, P.C.
1100 Peachtree Street, NE, Suite 200
Atlanta, GA 30309
Phone: 404.920.8040
Fax: 404.920.8039
Email: jmason@atlshowbizlaw.com

*Of Counsel to:*
**RC Law Group, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 Ext. 201
Fax: 201.282.6501